1   MUNGER, TOLLES & OLSON LLP
    John W. Spiegel, Esq. (State Bar No. 078935)
2   *john.spiegel@mto.com*
    Bruce A. Abbott (State Bar No. 159639)
3   *bruce.abbott@mto.com*
    Karen J. Ephraim (State Bar No. 233824)
4   *karen.ephraim@mto.com*
    355 South Grand Avenue, Thirty-Fifth Floor
5   Los Angeles, CA  90071-1560
    Telephone:  (213) 683-9100
6   Facsimile:  (213) 687-3702

7   KILPATRICK STOCKTON LLP
    Mark D. Wincek (*pro hac vice*)
8   *MWincek@KilpatrickStockton.com*
    607 14th Street, NW, Suite 900
9   Washington, D.C.  20005-2018
    Telephone:  (202) 508-5800
10  Facsimile:  (202) 508-5858

11  [Additional Counsel Listed on Signature Page]

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14                       WESTERN DIVISION

15

16
    REBA BAGLEY, SCOTT SILVER,          CASE NO. CV-07-01754 DSF (SSx)
17  TOLAN BECK and ROD HUGHES,
    on Behalf of Themselves and All     [PROPOSED] STIPULATED
18  Others Similarly Situated,          PROTECTIVE ORDER
                                        CONCERNING CONFIDENTIAL
19              Plaintiffs,             INFORMATION

20       vs.                           Judge:      Hon. Suzanne H. Segal

21  KB HOME, et al.,

22              Defendants.

23

24

25

26

27

28
                                              [PROPOSED] STIPULATED
                                                 PROTECTIVE ORDER
                                                CV-07-1754-DSF (SSx)
    8290156.1

1    Pursuant to Federal Rule of Civil Procedure 26(c), the Court, having

2    considered the parties' request for the following Stipulated Protective Order, hereby

3    orders as follows:

4    1.    **Good Cause Statement**

5    The parties believe that they will or may be required to produce or disclose in

6    this Action, and that nonparties may produce or disclose in this Action, confidential

7    information that contains private information of a personal nature, commercially

8    sensitive or proprietary information, or trade secrets, and that, if disclosed in this

9    Action without restriction on its use or further disclosure, may cause disadvantage,

10   harm, damage and loss to the disclosing party or to the disclosing nonparty.

11   In particular, without prejudice to any party's right to object to or resist

12   disclosure of such categories of information on relevance or any other grounds, the

13   parties currently anticipate that categories of such information that may be

14   disclosed in discovery by the parties and by nonparties will or may include:

15   (1)   private information of a personal nature.

16   (2)   proprietary or other commercially sensitive information (as defined in

17   this Order); and

18   (3)   trade secret information (as defined in this Order);

19   Materials containing private information of a personal nature, such as

20   personnel, compensation or other sensitive personal information about the parties

21   and their current and former employees, implicate constitutional and statutory

22   privacy rights, and the public release of such information could cause damage to

23   individuals' privacy interests and reputation, and jeopardize their personal and

24   financial safety.  Public disclosure of materials containing proprietary or other

25   commercially sensitive information or trade secret information, such as non-public

26   financial information, strategic plans, budgets, and forecasts, could put the

27   designating party at a competitive disadvantage.  Good cause also exists for this

28   Protective Order because it facilitates the production of documents that might

- 1 -

8290156.1

1   otherwise be withheld under a claim of privilege in the absence of a protective

2   order, while providing the parties with a procedure to challenge any confidential

3   designations on documents that they consider unwarranted.  The parties

4   acknowledge that this Protective Order does not confer blanket protections on all

5   disclosures or responses to discovery in the above-captioned case and that the

6   protection it affords extends only to the limited information or items that are

7   entitled under the applicable legal principles to treatment as confidential.

8      The following procedures shall be followed in this Action to facilitate the

9   orderly and efficient discovery of relevant information while minimizing the

10  potential for unauthorized disclosure or use of private information of a personal

11  nature, trade secret, and proprietary or otherwise commercially sensitive

12  information:

13      2.    **<u>Material That May Be Designated Under This Protective Order.</u>**

14      Any party to this action or any non-party (hereinafter "Designating Party")

15  may designate as "Confidential Information" any document or portion thereof, and

16  any other form of evidence or other discovery (including, but not limited to, all

17  documents, electronically stored information, and tangible things as defined in Rule

18  34(a) of the Federal Rules of Civil Procedure) ("Discovery Material") produced by

19  such party or non-party, if the Discovery Material contains:

20      (1) non-public personal or financial information of the parties, their former or

21  current employees, agents, or representatives ("Private Personal Material").  Private

22  Personal Material includes information protected by the privacy rights of

23  individuals, including information contained in personnel files, such as medical

24  information, individual wage statements, individual earnings statements, tax

25  returns, individual benefit information, social security numbers, home telephone

26  numbers and addresses, and employee disciplinary or performance evaluation

27  records; and

28      (b)  commercially sensitive or proprietary information within the scope of

- 2 -

1  Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, such as non-public

2  financial information, strategic plans, budgets, forecasts, market surveys and

3  analyses, marketing strategies, and private contracts with third-party financial or

4  benefit plan consultants; and

5      (c)  documents or information containing trade secrets, defined as any

6  formula, pattern, compilation, program, device, method, technique, or process, that

7  derives independent economic value, actual or potential, from not being generally

8  known to the public or to other persons who can obtain economic value from its

9  disclosure or use, and is the subject of efforts that are reasonable under the

10  circumstances to maintain its secrecy ("Trade Secret Material").  Trade Secret

11  Material includes Discovery Material reflecting proprietary internal manuals,

12  guidance, methodology, processes, policies, checklists, or forms used by any of the

13  parties.

14      The designation of any discovery materials as "Confidential Information"

15  pursuant to this Protective Order represents that the designating party and its

16  counsel of record each has a good faith belief that such discovery materials are,

17  indeed, confidential under the terms of this Protective Order and that such

18  designation is not for the purpose of frustrating or impeding reasonable discovery in

19  this action.

20      "Confidential Information" does not include any publicly available

21  information.  The terms of this Protective Order apply to Discovery Material that

22  was produced or provided by any Designating Party prior to its entry.

23      3.    **Use of Discovery Material and Confidential Information.**

24      Confidential Information, and any summaries, copies, abstracts, or other

25  documents derived in whole or in part from Confidential Information, shall be held

26  in confidence by each person to whom it is disclosed, shall be used solely for

27  purposes of this Action, and may not be disclosed to any person, except as

28  permitted in this Protective Order.  Without limitation, Confidential Information

- 3 -

1    shall not be used, made available, or disclosed for the purposes of any other

2    litigation, judicial or administrative proceeding, dispute or case, or used for any

3    commercial, business, competitive, or other purpose.  Nothing in this Protective

4    Order shall prevent the Designating Party from using or disclosing its own

5    Confidential Information for any purpose as it deems appropriate, without

6    impairing the confidentiality obligations imposed upon all other parties subject to

7    this Protective Order.  However, this Protective Order does not limit or restrict any

8    party to this Action from arguing that the Designating Party's use or disclosure of

9    its own Confidential Information for a certain purpose apart from this Action

10   waived its protection as Confidential Information.  In addition, nothing in this

11   Protective Order shall impose any restrictions on the use or disclosure by a Party or

12   its counsel of documents, material and/or information obtained by such Party or its

13   counsel from a source independent of the discovery proceedings in this lawsuit,

14   subject to any limitations placed on the disclosure of the documents, materials,

15   and/or information by the independent source.

16        4.    **Procedure for Designating Discovery Materials.**

17        At or before the time when access or custody is given to the Receiving Party

18   (defined as a party receiving or granted access to Discovery Materials), the

19   Designating Party shall designate (in whole or in part) all Discovery Material that

20   contains Confidential Information by marking all pages or other such materials

21   subject to the claim of confidentiality as CONFIDENTIAL INFORMATION, or by

22   taking other reasonable steps to so designate the information or documents.

23   Electronic information produced in its native or other electronic format shall be

24   produced on media labeled with the legend "CONFIDENTIAL," and all such

25   electronic information shall at all times and in all forms be deemed to bear such

26   legend, and to be subject to the provisions of this Protective Order, to the same

27   extent as if it had been produced in hard copy with such legend affixed to each

28   page.  If the Receiving Party transfers such data to any computer system, or other

- 4 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
CV-07-1754-DSF (SSx)

8290156.1

1   storage media, or prints hard copies, the Receiving Party shall ensure that

2   reasonable steps are taken to maintain the confidentiality of such information in

3   accordance with this Protective Order as if such information had been produced in

4   hard copy bearing the same legend that is affixed to the media on which such data

5   has been produced.

6          In the event the Designating Party elects to produce Confidential

7   Information for inspection, no marking need be made by the Designating Party in

8   advance of the inspection, and all inspected materials shall be deemed to be

9   Confidential Information until the time copies of the documents that have been

10  inspected are delivered to the Receiving Party.  Once copies are delivered to the

11  Receiving Party, only those materials designated CONFIDENTIAL

12  INFORMATION by the Designating Party shall be treated as such.

13         5.   **Inadvertent Failure to Designate.**

14  Any Designating Party who inadvertently fails to designate its own

15  Discovery Material as Confidential Information at the time of its production or

16  disclosure shall be entitled to make a correction to its designation.  Such correction

17  and notice thereof shall be made in writing, accompanied by substitute copies of

18  each item of discovery material, appropriately designated.  After receiving such

19  notice, those individuals who reviewed the re-designated discovery material prior to

20  notice of the re-designation by the Designating Party shall abide by the provisions

21  of this Order with respect to all future use and disclosure of any information

22  contained in the re-designated materials.

23         6.   **Procedure for Designating Deposition Testimony.**

24  At the request of any Designating Party, either made on the record during the

25  course of a deposition or within 30 days after the deposition, the deposition

26  testimony and all copies of any transcript of the deposition and any deposition

27  exhibits that contain Confidential Information may be so designated subject to this

28  Protective Order, and the original and all copies of such deposition transcripts and

- 5 -

1    exhibits shall be marked accordingly by the reporter or by the party or parties then
2    having possession of the original and the copies.

3        Until the designation period has elapsed for a given deposition, the transcript
4    of that deposition and associated deposition exhibits shall be treated as Confidential
5    Information and shall be subject to the provisions hereof.  Further, during
6    depositions, any Party claiming that information that is to be disclosed or upon
7    which questions may be based is Confidential Information may exclude from the
8    room any person not identified in this Protective Order as a person who may access
9    Confidential Information.

10       7.    **Procedure for Objection to Designation.**
11       At any time prior to trial, a party may object to the designation of any
12   Discovery Material as Confidential Information.  Counsel for the objecting party
13   shall give written notice to counsel for the Designating Party, identifying the
14   designated document or information to which it objects and the reasons for its
15   objection.  The Designating Party shall, within ten (10) business days after
16   receiving such notice, meet and confer with the objecting party in a good faith
17   effort to resolve the matter.  Failing such resolution, the Parties shall follow the
18   procedures established by the Local Rules and by the Court's individual rules for
19   resolving discovery disputes.

20       Any Confidential Information that is the subject of a dispute over designation
21   shall be treated as Confidential Information pending the resolution of any objection.

22       8.    **Access to Confidential Information by the Parties and their**
             **Counsel.**
23
         Except with the prior written consent of the Designating Party, Confidential
24
     Information shall not be used, disclosed or distributed to any person other than the
25
     following:
26
             a.   The named parties in these actions;
27
             b.   Current and former officers, partners, or employees of the named
28

- 6 -

8290156.1

parties to this Action, and the named parties' insurers, to the extent deemed necessary by counsel for the prosecution or defense of this Action, provided, however, that those persons shall have access to Confidential Information only after they have been provided a copy of this Order for review and, prior to being shown Confidential Information, counsel makes all reasonable efforts to secure the person's execution of the Agreement to Abide by Protective Order attached hereto as Exhibit A.  In circumstances in which a person refuses to sign the Agreement to Abide by Protective Order after counsel has undertaken such efforts, the person may be shown Confidential Information only after counsel reads to the person the provisions of the Agreement to Abide by Protective Order, and such person is not permitted to retain copies of such Confidential Information.  This provision does not apply to named parties in the Action;

c.   Counsel for the named parties to this Action, including in-house counsel and co-counsel, and their paralegals, clerical and other assistants;

d.   As to any document, its author, its addressee(s), and any other person indicated on the face of the document;

e.   Persons retained by a party or his, her or its outside counsel to serve as expert witnesses or as consultants to provide advice to counsel in connection with this Action (subject to the additional terms set forth in Paragraph 9 below);

8290156.1

[PROPOSED] STIPULATED PROTECTIVE ORDER
CV-07-1754-DSF (SSx)

f.   Stenographers, videographers, and their support personnel engaged to transcribe and/or record depositions or testimony conducted in this action;

g.   The Court, its support personnel, court reporters, stenographers, jurors and alternate jurors, if any;

h.   Any special masters or mediators  and their direct staff and counsel; and,

i.   Persons who are deposed or appear as witnesses in these actions (and their counsel), either in preparation for or during their testimony, provided, however, the prerequisites to access to such Confidential Information described in section b of this Paragraph are met as to such persons.

9.   **Access to Confidential Information for Litigation Support Services.**

Any Confidential Information may be disclosed to persons requested by counsel to furnish services of exhibit preparation, photocopying, document coding, image scanning, jury consulting, or the creation of any computer database from documents containing Confidential Information, or other services provided in connection with this Action, provided that such persons are informed and agree in writing to of the terms of this Protective Order by signing a copy of the Agreement to Abide by Protective Order attached hereto as Exhibit A.

10.   **Access to Confidential Information by Experts.**

Any Confidential Information may be disclosed to experts and consultants retained for this matter provided that:

a.   in advance of the receipt of any Confidential Information, the expert or consultant signs a copy of the Agreement to Abide by Protective Order attached hereto as Exhibit A; and

b.   the expert or consultant provides a copy of each executed

- 8 -

8290156.1

1    Agreement to Abide by Protective Order executed pursuant to this

2    paragraph to retaining counsel prior to the intended disclosure;

3    retaining counsel shall maintain the executed copies of the

4    Agreement to Abide by Protective Order, which shall not be

5    produced to counsel for the other parties except by agreement or

6    Court order.

7    If these two requirements are satisfied, the expert or consultant may fully

8    disclose any and all Confidential Information to his or her support staff/assistants,

9    provided that such persons sign a copy of the Agreement to Abide by Protective

10   Order prior to receiving any Confidential Information.

11   11.   **Retention of Agreement to Abide by Protective Order.**

12   During the pendency of the Action (including any appeals), counsel must

13   retain all signed copies of the Agreement to Abide by Protective Order (i.e., Exhibit

14   A) pursuant to which it has allowed disclosure of Confidential Information in

15   accordance with the provisions of this Protective Order.  Counsel for other Parties

16   may request a copy of any or all of the Agreements to Abide by Protective Order

17   and counsel agrees to meet and confer in good faith regarding the provision of a

18   copy of any or all of the Agreements to Abide by Protective Order.  If the requested

19   Agreements to Abide by Protective Order are not provided to counsel, then counsel

20   may apply to the Court for an order compelling disclosure on a showing of good

21   cause.

22   12.   **Submission of Confidential Information to Court In Connection
           With Motions or Other Pretrial Proceedings**

23

24   If any party intends to submit to the Court, in connection with any motion or

25   other pretrial proceeding, any pleading, declaration or other paper containing,

26   appending, summarizing, excerpting or otherwise embodying Confidential

27   Information, that party shall file the document under seal in accordance with the

28   procedures set forth in Central District of California Local Rule 79-5.  The original

- 9 -

1  and judge's copy of the document that includes the Confidential Information, as

2  well as quotations or substantive descriptions of the Confidential Information, shall

3  be sealed in separate envelopes or other appropriate sealed container, on which

4  shall be endorsed the title and docket number of this action, an identification of the

5  nature of the contents of the sealed envelope/container, the words "FILED UNDER

6  SEAL PURSUANT TO PROTECTIVE ORDER," or the like and a statement

7  substantially in the following form:

8        THIS ENVELOPE CONTAINS DOCUMENTS
      SUBMITTED BY [name of party] THAT ARE
9     PROTECTED FROM DISCLOSURE BY A
      CONFIDENTIALITY PROTECTIVE ORDER. THE
10    CONTENTS ARE TO BE FILED UNDER SEAL AND
      NOT TO BE REVEALED TO ANYONE OTHER THAN
11    THE COURT AND ITS PERSONNEL OR ANY PARTY
      OR ITS COUNSEL EXCEPT BY ORDER OR UNDER
12    THE DIRECTION OF THE COURT

13     13.   **Use of Confidential Information At Trial.**

14        After, or in connection with, the final pretrial conference, the Parties shall

15  meet and confer to reach an agreement, subject to the approval of the Court, as to

16  the confidentiality of information to be used at trial and documents designated as

17  trial exhibits, or, if necessary, a method of resolving or maintaining the

18  confidentiality of such information and documents at trial.

19     14.   **Modifications in Writing.**

20        Nothing herein shall prevent disclosure beyond the terms of this Protective

21  Order if counsel for the Designating Party consents in writing or on the record to

22  such disclosure.  Any consent given under this Protective Order with respect to

23  confidentiality of the particular document shall not be deemed a waiver of any other

24  designation.  The Parties may amend or modify any provision of this Protective

25  Order by mutual agreement, which agreement shall be embodied in a written

26  stipulation to be approved by the Court.

27     15.   **No Waiver.**

28        Nothing in this Order shall prejudice the right of any Party to object to the

[PROPOSED] STIPULATED PROTECTIVE ORDER
CV-07-1754-DSF (SSx)

8290156.1

1   production of any document or part thereof upon any appropriate ground, including

2   any applicable privilege, or to object to the production of documents in a particular

3   format, and nothing herein shall be construed as a waiver of such rights.  Moreover,

4   nothing in this Protective Order shall prejudice the right of any Party to object to

5   the authenticity and/or admissibility at trial of any material, whether Confidential

6   Information or not, on any appropriate ground, and nothing herein shall be

7   construed as a waiver of such right.

8       16.   **Inadvertent Production of Privileged Materials.**

9           a.      Designating Parties enter into this Protective Order so that they

10  may produce Discovery Material more efficiently without risk of automatic waiver

11  of privilege or work product protection.

12          b.      With respect to the inadvertent production of privileged or

13  protected material, the Parties shall follow the procedures set forth in Federal Rule

14  of Civil Procedure 26(b)(5)(B); provided, however, that any notification of the

15  inadvertent production of privileged or protected material must be in writing.  In the

16  event that a Receiving Party, upon reviewing any Discovery Materials, determines

17  that the Discovery Materials may contain potentially privileged information, the

18  Receiving Party must immediately refrain from further reviewing such Discovery

19  Materials and immediately notify the producing party.  The producing party will

20  have ten (10) days following such notification within which to notify all Receiving

21  Parties whether such Discovery Materials contain privileged information that was

22  inadvertently produced. The Parties shall also follow Federal Rule of Evidence

23  502(b) as it relates to whether an inadvertent disclosure of privileged or protected

24  material operates as a waiver.

25          c.      Regarding the inadvertent production of privileged or protected

26  material that was produced via a hard drive or other electronic form, such that it

27  cannot be detached for return, the following additional procedures shall apply:  The

28  Receiving Party shall refrain from reviewing or using the material in any way,

- 11 -

8290156.1

1    pending the logging of the material on a privilege log, and the resolution of any

2    challenges to the assertion of the privilege.  Upon the resolution of any such

3    challenges, the Receiving Party shall remove such material from any secondary

4    media to which the material has been transferred and destroy any hard copies that

5    have been created (including without limitation media and hard copies in the

6    possession of its counsel, witnesses, consultants, and/or experts) and, upon the

7    production of replacement media containing only the non-privileged portion of the

8    production that included the inadvertently produced privileged material, the

9    Receiving Party shall return to the producing party the original media containing

10   the inadvertently produced privileged material.

11          d.      If there is a dispute as to whether the specified information is

12   privileged or subject to protection, the issue shall be presented in accordance with

13   Central District of California Local Rule 37.  Until the Court makes a determination

14   as to the privilege or protected status, the Receiving Parties shall not use the

15   specified information in any way (including at depositions) or disclose the specified

16   information.

17        17.   **Disposition Upon Conclusion.**

18          Within sixty (60) calendar days after final judgment (whether after settlement

19   or trial) of this action, including the time for filing and resolution of all appeals, or

20   such other period as the parties agree upon, each Receiving Party shall either (a)

21   return to the Designating Party or (b) destroy and certify such destruction to the

22   Designating Party, all documents, objects and other materials produced or

23   designated as containing Confidential Information under this Protective Order, and

24   each Receiving Party shall destroy in whatever form, stored or reproduced, all other

25   documents, objects and other materials that contain or refer to Confidential

26   Information.  Notwithstanding the foregoing, counsel of record may retain copies of

27   briefs and other papers filed with the Court, deposition transcripts, and attorney

28   work product that contains or constitutes Confidential Information, so long as such

8290156.1

1    briefs and other papers are maintained in confidence in accordance with the

2    provisions of this Protective Order and documents designated as containing

3    Confidential Information produced by Designating Parties are returned or

4    destroyed. Also notwithstanding the foregoing, to the extent proceedings in a

5    related action are still ongoing after final judgment in this action, the Receiving

6    Party may continue to use the Designating Party's Confidential Information in

7    connection with the prosecution or defense of the ongoing related action.

8        18.    **Jurisdiction.**

9        The Court retains jurisdiction to amend, to modify or to enforce this

10    Protective Order upon stipulation of the parties to this action, motion by any

11    Designating Party, or on its own motion.

12        19.    **Violation of this Protective Order.**

13        In the event anyone violates or threatens to violate the terms of this

14    Protective Order, the aggrieved Designating Party may immediately apply for

15    injunctive relief against any such person violating or threatening to violate any of

16    the terms of this Protective Order. The parties and any other person subject to the

17    terms of this Protective Order agree that this Court shall retain jurisdiction over

18    them for the purpose of enforcing this Protective Order, the terms of which shall

19    survive the conclusion of this Action.

20        If Confidential Information is disclosed in violation of this Protective Order,

21    any person subject to this Protective Order who caused, permitted or was otherwise

22    responsible for the disclosure shall immediately inform the Designating Party of all

23    pertinent facts relating to the disclosure, and shall make every effort to prevent any

24    further disclosure, including any disclosure by any person who received any

25    Confidential Information in violation of this Protective Order.

26        20.    **The Parties Have the Right to Seek Further Relief.**

27        This Protective Order is without prejudice to the right of a Designating Party

28    or person subject to this Protective Order to seek relief from the Court, upon good

[PROPOSED] STIPULATED PROTECTIVE ORDER
CV-07-1754-DSF (SSx)

8290156.1

1   cause shown, from any of the provisions or restrictions provided herein.

2       21.   **Other Proceedings.**

3       Any person subject to this Protective Order who receives a subpoena or other

4   request for the production or disclosure of any Designating Party's Confidential

5   Information shall promptly give written or facsimile notice to the Designating

6   Party, identifying the information sought and enclosing a copy of the subpoena or

7   other request.  The person subject to the subpoena or other request shall not produce

8   or disclose the Confidential Information without consent of the Designating Party

9   or unless failing to produce the requested information would violate the law, or

10  until ordered to do so by a court of competent jurisdiction, provided that the

11  Designating Party makes a motion or other application for relief from the subpoena

12  or other request in the appropriate forum within twenty-one (21) days from the date

13  the Designating Party receives notice of the service of the subpoena.

14

15      IT IS SO ORDERED.

16  DATED: July 15, 2009

17                                  Hon. Suzanne H. Segal
                                    United States Magistrate Judge
18                                  Central District of California

19

20

21

22

23

24

25

26

27

28

1  STIPULATED AND PRESENTED BY:

2  Dated: July __, 2009        KELLER, FISHBACK & JACKSON, LLP

3

4                              By:_____
                                   Daniel L. Keller (SBN 191738)
5                                  Stephen M. Fishback (SBN 191646)

6                                  18425 Burbank Blvd. - Suite 610
7                                  Tarzana, California 91356
                                   Tel: (818) 342-7442
8                                  Fax: (818) 342-7616
                                   dkeller@kfjlegal.com
9                                  sfishback@kfjlegal.com

10                             SQUITIERI & FEARON, LLP
11                                 Stephen J. Fearon, Jr.
                                   32 East 57th Street, 12th Floor
12                                 New York, New York 10022
                                   Tel: (212) 421-6492
13                                 Fax: (212) 421-6553
14                                 stephen@sfclasslaw.com

15                             GAINEY & McKENNA
16                                 Thomas J. McKenna
                                   295 Madison Avenue, 4th Floor
17                                 New York, New York 10017
                                   Tel: (212) 983-1300
18                                 Fax: (212) 983-0383
19                                 tjmlaw2001@yahoo.com
                                   tjmckenna@gaineyandmckenna.com
20

21                             *Attorneys for Plaintiffs Reba Bagley, Scott Silver, Tolan
                               Beck, and Rod Hughes*
22

23

24

25

26

27

28

                                        - 15 -        [PROPOSED] STIPULATED PROTECTIVE ORDER
                                                             CV-07-1754-DSF (SSx)
   8290156.1

1  STIPULATED AND PRESENTED BY:

2  Dated:  July   , 2009          MUNGER, TOLLES & OLSON LLP

3

4

5  By:_____
                    John W. Spiegel (SBN 078935)
6                    Bruce A. Abbott (SBN 159639)
                    Karen J. Ephraim (SBN 233824)
7
                    355 South Grand Ave., 35th Floor
8                    Los Angeles, CA 90071
                    Tel: (213) 683-9100
9                    Fax: (213) 687-3702
                    John.Spiegel@mto.com
10                   Bruce.Abbott@mto.com
                    Karen.Ephraim@mto.com
11
12  KILPATRICK STOCKTON LLP
                    Mark D. Wincek (*pro hac vice*)
13                   607 14th Street, NW, Suite 900
                    Washington, DC 20005-2018
14                   Tel: (202) 508-5800
                    Fax: (202) 508-5858
15                   MWincek@KilpatrickStockton.com
16
17  *Attorneys for Defendant KB Home*

18

19

20

21

22

23

24

25

26

27

28

8290156.1                                  [PROPOSED] STIPULATED PROTECTIVE ORDER
                                           CV-07-1754-DSF (SSx)

1    STIPULATED AND PRESENTED BY:

2    Dated:  July _, 2009          CALDWELL LESLIE & PROCTOR

3

4

5                                By:_____
                                      Andrew A. Esbenshade (SBN 202301)
6                                     Michael J. Proctor (SBN 148235)
                                      Christopher G. Caldwell (SBN 106790)

7                                     1000 Wilshire Blvd, Ste 600
8                                     Los Angeles, CA 90017
                                      Tel: (213) 629-9040
9                                     Fax: (213) 629-9022
                                      esbenshade@caldwell-leslie.com
10                                    proctor@caldwell-leslie.com
11                                    caldwell@caldwell-leslie.com

12                               KEKER & VAN NEST
13                                    John W. Keker (SBN 49092)
                                      Benjamin B. Au (SBN 237864)
14                                    710 Sansome Street
15                                    San Francisco, CA 94111-1704
                                      Tel: (415) 391-5400
16                                    Fax: (415) 397-7188
17                                    bau@kvn.com
                                      jkeker@kvn.com
18

19                               *Attorneys for Defendant Bruce Karatz*

20

21

22

23

24

25

26

27

28

8290156.1

- 17 -

1    STIPULATED AND PRESENTED BY:

2    Dated:  July __, 2009          GIBSON DUNN & CRUTCHER

3

4                                   By:_____
                                         Paul Blankenstein

5                                   333 South Grand Ave., 45th Floor
                                    Los Angeles, CA 90071-3197
6                                   Tel: (213) 229-7000
                                    Fax: (213) 229-7520
7                                   dkitchens@gibsondunn.com

8                                   Paul Blankenstein (*pro hac vice*)
                                    1050 Connecticut Avenue, NW
9                                   Washington, DC 20036
                                    Tel: (202) 995-8500
10                                  Fax: (202) 530-9532
                                    pblankenstein@gibsondunn.com
11
                                    *Attorneys for Defendants KB Home 401(k) Savings*
12                                  *Plan Committee, James A. Johnson, Ray A. Irani, Leslie*
                                    *Moonves, Guy Nafilyan, Domenico Cecere, Cory F.*
13                                  *Cohen, William R. Hollinger and Barry A. Munitz*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8290156.1

[PROPOSED] STIPULATED PROTECTIVE ORDER
CV-07-1754-DSF (SSx)

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REBA BAGLEY, SCOTT SILVER, TOLAN BECK and ROD HUGHES, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KB HOME, et al.,<br><br>Defendants. | CASE NO. CV-07-01754 DSF (SSx)<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION<br><br>Judge:      Suzanne H. Segal |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I have read the Protective Order applicable to the above-captioned action (the "Protective Order"). I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court, Central District of California, for purposes of the enforcement of the Protective Order. I understand, in particular, that any Confidential Information and any copies, excerpts or summaries thereof and materials containing Confidential Information derived therefrom, as well as any knowledge or information derived from, any of the aforementioned items may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, in connection with any other litigation, judicial, administrative proceeding, dispute or case, or for any

[PROPOSED] STIPULATED PROTECTIVE ORDER
CV-07-1754-DSF (SSX)

8290156.1

1  business, competitive, or commercial purpose.  I further understand that failure to

2  abide fully by the terms of the Protective Order may result in legal action and

3  sanctions.

4

5  Dated: _____          Agreed: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -