JS 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REBA BAGLEY, SCOTT SILVER, TOLAN BECK and ROD HUGHES, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KB HOME, et al.,<br><br>Defendants. | CASE NO. CV-07-01754 DSF (SSx)<br><br>**ORDER AND FINAL JUDGMENT** |

1  This action came on for a final hearing on a proposed settlement (the
2  "Settlement") of this class action, and the issues having been duly heard and a
3  decision having been duly rendered,

4  IT IS HEREBY ORDERED AND ADJUDGED:

5  1.  To the extent not otherwise defined herein, all capitalized terms shall
6  have the same meaning as used in the Class Action Settlement Agreement dated
7  February 26, 2010 (the "Agreement"), as modified by the Amended Class Action
8  Settlement Agreement dated April 5, 2010.

9  2.  The Court has jurisdiction over the subject matter of this Action and
10 over all parties to this Action, including all members of the Settlement Class and all
11 Defendants.

12 3.  The Court hereby approves and confirms the Settlement embodied in
13 the Agreement as being a fair, reasonable, and adequate settlement and compromise
14 of this Action, and orders that the Agreement shall be herewith effective, binding
15 and enforced according to its terms and conditions.  Among the factors considered
16 by the Court in concluding that the Settlement is fair, reasonable and adequate are:
17 (a) the Settlement was negotiated vigorously by the Named Plaintiffs and
18 Defendants following two years of aggressive litigation and arms'-length
19 negotiations and mediation by counsel who were thoroughly familiar with this
20 litigation and with the aid of an experienced mediator.  The Named Plaintiffs and
21 the Defendants had sufficient information to evaluate the settlement value of this
22 Action; (b) that cases involving investment of ERISA plan assets in company stock
23 represent a relatively unsettled and developing area of the law; (c) that the
24 Defendants have asserted numerous substantive defenses; and (d) that the
25 Settlement removes the risks, uncertainty, delay, and costs to the parties associated
26 with continued litigation and delivers benefits to the Settlement Class.

27 4.  The Court determines that the Settlement has been the product of
28 serious, informed, and extensive arms' length negotiations among the parties and

under the direction of an experienced mediator, and further finds that, at all times, the Named Plaintiffs have acted independently and that their interests are identical to the interests of the Settlement Class.  The Independent Fiduciary has reviewed the proposed Settlement and found that the terms of the Settlement Agreement, the proposed Plan of Allocation, the requested attorneys' fees and expenses, and the requested case contribution awards are fair and reasonable.  Defendants served notice of the proposed Settlement pursuant to 28 U.S.C. § 1715 and no government participant has submitted an objection or inquiry into the litigation or proposed Settlement.  Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Named Plaintiffs on behalf of the Settlement Class does not constitute a "prohibited transaction" under ERISA § 406(a), and that the Settlement is a fair and reasonable resolution to the claims asserted in this Action against the Defendants.

     5.    The Court determines that the Notice and Summary Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, are the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts.  Such Notice and Summary Notice provide valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement, to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

     6.    The Court hereby approves the maintenance of this Action as a class action for purposes of the Settlement pursuant to Rules 23(a), 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure and appoints Squitieri & Fearon, LLP and Gainey & McKenna as Co-Lead Counsel and the Named Plaintiffs as the class representatives.  Specifically, the Court finds that (a) the number of members of the

1  Settlement Class is so numerous that joinder of all members thereof is
2  impracticable; (b) there are questions of law and fact common to the Settlement
3  Class; (c) the claims of the Named Plaintiffs are typical of the claims of the
4  Settlement Class; (d) the Named Plaintiffs will fairly and adequately represent the
5  interests of the Settlement Class; and (e) the prosecution of separate actions by
6  individual members of the Settlement Class would create a risk of (i) inconsistent
7  or varying adjudications with respect to individual members of the Settlement Class
8  that would establish incompatible standards of conduct for Defendants; (ii)
9  adjudications with respect to individual members of the Settlement Class which
10 would as a practical matter be dispositive of the interests of the other members of
11 the Settlement Class; and (iii) Defendants have acted or refused to act on grounds
12 generally applicable to the class.
13     7.     The Court has also considered each of the elements required by Fed. R.
14 Civ. P. 23(g) in order to ensure that Plaintiffs and Appointed Counsel will fairly
15 and adequately represent the interests of the Class.  Co-Lead Counsel have done
16 substantial work to identify, investigate and litigate the claims in this Action.  Co-
17 Lead Counsel have represented that they have investigated the allegations in the
18 Complaint by interviewing witnesses, reviewing publicly available information,
19 obtaining non-party discovery, mediating the claims and consulting with experts.
20 Co-Lead Counsel have experience in handling class actions and claims of the type
21 asserted in this Action.  Co-Lead Counsel have also demonstrated knowledge of the
22 applicable law.  Finally, over the course of more than two years, Co-Lead Counsel
23 have devoted considerable resources to and have aggressively litigated this case.
24 The Court concludes that Co-Lead Counsel have fairly and adequately represented
25 the interests of the Settlement Class.
26     8.     Accordingly, for purposes of this settlement only, this Action is hereby
27 certified as a class action pursuant to Rules 23(a), 23(b)(1) and (b)(2) of the Federal
28 Rules of Civil Procedure, with the Settlement Class defined as:

> All Persons who were participants in or beneficiaries of the KB Home 401(k) Savings Plan, and all predecessor and successor plans, at any time between January 1, 2001 and the Agreement Execution Date, and whose accounts included investments in the common stock of KB Home at any time during that time period. Excluded from the Settlement Class are Defendants and Gary Ray, as well as their immediate family members.

No Class member shall have the right to opt out of the Settlement Class.

9. The Court hereby dismisses the First Amended Class Action Complaint and the Action against Defendants with prejudice on the merits, and without taxation of costs in favor of or against any party.

10. As of the date of the Final Order (as defined in the Agreement), Plaintiffs, the Plan, and each member of the Settlement Class on their own behalf and on behalf of their respective heirs, executors, administrators, beneficiaries and Successors-in-Interest shall have released each and all of the Released Defendants from Plaintiffs' Claims, and the Defendants shall be deemed to have released the Released Plaintiffs, the Plan, and any of their Successors-in-Interest from Defendants' Claims, in accordance with the terms of the Agreement.

11. Plaintiffs, the Plan, and all members of the Settlement Class are hereby permanently barred and enjoined from instituting or prosecuting, either directly, indirectly or in a representative capacity, any other action in any court asserting any and all of Plaintiffs' Claims against any and all of the Released Defendants. Defendants are hereby permanently barred and enjoined from instituting or prosecuting, either directly, indirectly, or in a representative capacity, any other action in any court asserting any and all of Defendants' Claims against Released Plaintiffs, the Settlement Class, and Class Counsel.

12. All parties are hereby permanently barred and enjoined from the institution and prosecution, either directly or indirectly, of any actions against

1  Defendants, Defendants' Counsel, any member of the Settlement Class, Appointed
2  Counsel or Co-Lead Counsel based on the amount of any claims issued pursuant to
3  the Plan of Allocation approved in the Final Order.
4      13.   The Court hereby decrees that neither the Agreement nor the
5  Settlement nor this Order and Final Judgment is an admission or concession by any
6  Defendant of any liability or wrongdoing.  This Final Judgment is not a finding of
7  the validity or invalidity of any of the claims asserted or defenses raised in this
8  Action.  Neither the Agreement nor the Settlement nor the Order and Final
9  Judgment nor the settlement proceedings nor the settlement negotiations nor any
10 related documents shall be offered or received in evidence as an admission,
11 concession, presumption, or inference against any Defendant in any proceeding,
12 other than such proceedings as may be necessary to enforce or consummate this
13 Agreement or to establish that such Order and Final Judgment was entered in this
14 case.
15     14.   The Court awards attorneys' fees in the amount of $ 750,000 and
16 expenses in the amount of $ 69,918.21 to Co-Lead Counsel, and awards
17 compensation in the amount of $ 5,000 to each of the Named Plaintiffs as a Case
18 Contribution Award, such amounts to be paid from the Settlement Fund as set forth
19 in the Agreement.  Except as otherwise provided herein or in the Agreement, each
20 party shall bear its own fees, expenses, and costs.  Co-Lead Counsel shall allocate
21 the award of attorneys' fees among counsel for the Class based on their good-faith
22 assessment of the contribution of such counsel to the prosecution of this Action.
23     15.   Without affecting the finality of this Judgment, the Court retains
24 jurisdiction for purposes of implementing the Agreement and reserves the power to
25 enter additional orders to effectuate the fair and orderly administration and
26 consummation of the Agreement and Settlement, as may from time to time be
27 appropriate, and resolution of any and all disputes arising under the Agreement.
28

1 **LET JUDGMENT BE ENTERED ACCORDINGLY.  SO ORDERED.**

DATED:  __9/7/10_____, 2010         *Dale S. Fischer*

Hon. Dale S. Fischer
United States District Judge